UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARSHALL ALLEN COATS,

Plaintiff,

v.

NICK HOKE, *et al*.

Defendants.

Case No. C26-5875-JHC-SKV

REPORT AND RECOMMENDATION

Plaintiff Marshall Coats is in the custody of the Washington Department of Corrections and is currently confined at the Airway Heights Corrections Center in Airway Heights, Washington. On July 31, 2026, Plaintiff submitted to the Court for filing a prisoner civil rights complaint under 42 U.S.C. § 1983 in which he alleged violations of his "Human Rights" and "Civil Rights" arising out of the conduct of two City of Poulsbo police officers, Nick Hoke and Dick Romaine, the Poulsbo Police Department, and Kitsap County Sheriff's Deputy Fred Breed. *See* Dkts. 1, 6. The alleged misconduct included unlawful surveillance and arrests, harassment, and condoning and/or facilitating criminal conduct by others, and the misconduct all appeared to have taken place between 1999 and 2022. *See* Dkt. 6 at 5-11.

On August 14, 2026, this Court issued an Order directing Plaintiff to show cause why this action should not be dismissed as time barred. *See* Dkt. 7. The Court explained that claims brought in federal court under 42 U.S.C. § 1983 are subject to the forum state's statute of limitations governing personal injury actions, which in Washington is three years. *Id.* at 3 (citing *Wilson v. Garcia*, 471 U.S. 261 (1985); RCW 4.16.080(2)). The Court further explained that though state law provides the applicable limitations period, federal law determines when the cause of action accrues, and that under federal law a claim accrues when the plaintiff knows, or should have known, of the injury which is the basis of the cause of action. *Id.* (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1998)). The Court observed that as to Officer Hoke, Officer Romaine, and the Poulsbo Police Department, Plaintiff had alleged violations of his rights in 1999, 2003, and 2022. *Id.* The Court further observed that Plaintiff had not identified the dates on which the alleged unlawful conduct of Deputy Breed occurred, though the pleading suggested it had occurred during the same general time frame as the conduct giving rise to Plaintiff's claims against the other Defendants. *Id.* The Court advised that claims arising out of conduct that occurred prior to July 19, 2023, would be time barred and therefore not properly before the Court. *Id.*

On August 31, 2026, Plaintiff filed a response to the Order to Show Cause (Dkt. 11), together with an assortment of other documents (Dkts. 9, 10), but nowhere in any of his submissions does Plaintiff address the time bar issue highlighted in the Court's Order. In his response to the Order to Show Cause, Plaintiff largely reiterates his complaints against Officer Hoke, with focus on events that occurred between 1999 and 2003, and he makes one reference to an arrest that occurred in September 2022. *See generally* Dkt. 11. As the events Plaintiff references all occurred more than three years before he filed his complaint in this action, any

claims arising out of these events are barred by the statute of limitations. Accordingly, this Court recommends that Plaintiff's complaint and this action be dismissed, with prejudice, as untimely. The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 16, 2026**.

DATED this 25th day of September, 2026.

S. KATE VAUGHAN
United States Magistrate Judge